IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-319 |
| | ) | |
| MARCELO B. CORPUZ, JR. | ) | |

### MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's Second Motion for Early Termination of Supervised Release and Brief in Support thereof (Document Nos. 38 and 44) and the government's Response in opposition to defendant's motion (Document No. 45). For reasons explained below, defendant's motion will be denied.

On August 29, 2007, defendant was charged in a one-count indictment with possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B). On January 30, 2008, defendant changed his plea to guilty and was sentenced to 36 months imprisonment and a 5-year term of supervised release.[1] He was also ordered to pay a fine of $10,000 and a $100 special assessment.[2] On September 10, 2010, defendant was released from imprisonment and commenced his term of supervised release. His term of supervision is scheduled to continue through September 10, 2015. Defendant now seeks early termination of supervised release.

---

[1] This sentence represented a downward variance from the advisory sentencing guideline range of 51 to 63 months imprisonment. In addition, defendant was sentenced to the minimum term of supervised release authorized by statute for his conviction of possessing child pornography. See 18 U.S.C. §3583(k) (authorizing a term of supervised release of "any term of years not less than 5, or life" for a conviction under section 2252).

[2] All of the monetary penalties have been paid in full.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice. In making this determination, the statute directs the court to consider many of the same factors that it previously considered in imposing the initial sentence including: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. §3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. §§3553(a)(2)(B) and (C); the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. §3553(a)(2)(D); the sentencing range applicable to the defendant under the advisory Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. §§3553(a)(4) and (5); the need to avoid unwarranted sentence disparities among similarly situated defendants, 18 U.S.C. §3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. §3553(a)(7).

After considering these factors at sentencing, the court imposed a 5-year term of supervised release. Defendant primarily contends in his motion requesting early termination of supervision that he has been compliant with the terms of supervised release, particularly regarding his completion of a sex offender treatment program. Defendant also submits that termination of his supervised release will increase the likelihood that his application to reinstate his medical license will be successful. These reasons advanced by defendant do not change the court's determination that the full 5-year period of supervised release is appropriate.

AO 72
(Rev. 8/82)

Although it is commendable that defendant has complied with the conditions of supervision that the court imposed, including completing a sex offender treatment program, this alone is not enough for the court to find that early termination of supervised release is warranted by defendant's conduct and in the interest of justice as required by 18 U.S.C. §3583(e)(1). Section 3583 does not provide for early termination solely based on defendant's compliance with the terms of supervised release. The Third Circuit has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574. Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants.[3]

The other factor that defendant emphasizes in arguing for early termination of supervised release relates to his application to reinstate his medical license. According to defendant, early termination of supervised release will help facilitate the success of his application. Although defendant's intent to remain a productive member of society by continuing with his medical practice is commendable, that factor does not convince the court that early termination of supervised release is warranted in this case. Defendant points out that his "conviction,

---

[3] With respect to defendant's compliance, we note that while he has completed a sex offender treatment program and passed two polygraph examinations, the government's response indicates that he also has failed a polygraph examination. See government's Response at ¶6. In September 2012, defendant was administered a polygraph which included the following question: "Since your last polygraph, have you sought out sexually provocative photographs of juveniles?" Defendant's negative response was determined to be deceptive. Id.

3

incarceration and resulting suspension of his license to practice medicine has necessarily been a hardship to defendant and his family." See defendant's Brief in Support, at 6. Defendant's situation is not unique. Unfortunately, all defendants who are convicted and incarcerated suffer hardship, as does their family. In fact, the hardship to other similarly situated defendants who have been convicted and sentenced by this court for child pornography offenses is arguably greater, as the majority of those individuals have been sentenced to ten or more years of supervised release.

In sum, after considering the factors required by 18 U.S.C. §3583(e), the court is not satisfied that early termination of supervised release is warranted by defendant's conduct and the interest of justice. Rather, the court finds that continued supervision is appropriate in accordance with the 5-year term of supervised release originally imposed.

An appropriate order will follow.

ORDER

AND NOW, this 16Th day of December, 2013, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's Second Motion for Early Termination of Supervised Release (Document No. 38) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

4

AO 72
(Rev. 8/82)

cc: Stephen R. Kaufman
Assistant U.S. Attorney

Patrick K. Nightingale, Esq.
Nightingale Joseph, LLC
210 Grant Street
Suite 401
Pittsburgh, PA 15219

United States Probation

AO 72
(Rev. 8/82)